IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION |
| JONATHAN PAUL WIKTORCHIK, | NO. 10-CR-064 |
| Defendant. | |

**OPINION**

**Slomsky, J.**                                                                                   **August 9, 2023**

## I.      INTRODUCTION

Defendant Jonathan Paul Wiktorchik ("Defendant"), who is serving a 204-month sentence, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1]  In his Motion for Compassionate Release (the "Motion"), Defendant asks the Court to reduce his sentence to time served followed by 5 years of supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 116.)  Defendant argues that the Court should grant his Motion because his exposure to any virus while incarcerated will exacerbate his conditions.  (Id. at 10.)  He maintains that viruses are throughout the prison.  (Id.)  Defendant further contends that he is debilitated by "long Covid" and suffering from other medical ailments. (Doc. No. 117. at 3.)

The Government opposes Defendant's Motion, citing his criminal history, his refusal to be vaccinated, and his health conditions being properly treated by the Bureau of Prisons ("BOP").  (Doc. No. 117.)  The Motion is now ripe for disposition.  For reasons that follow, Defendant's Motion will be denied.

---

[1]   This is Defendant's second Motion for Compassionate Release.  His  first motion was filed on December 31, 2020.  (Doc. No. 75).  It was denied on April 14, 2021.  (Doc. No. 88.) Defendant's Motions for Reconsideration, including supplemental ones,  were denied on July 6, 2022.  (Doc. No. 110.)

## II.   BACKGROUND

### A.  Defendant's Criminal History

Defendant is presently incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix") for four offenses: (1) arson, in violation of 18 U.S.C. § 844(i); (2) use of fire to commit a felony, in violation of 18 U.S.C. § 844(h); (3) mail fraud, in violation of 18 U.S.C. § 1341; and (4) making false statements, in violation of 18 U.S.C. § 1001 (three counts).  (Doc. No. 117.)  In March 2008, Defendant intentionally set fire to his chiropractic office in a strip mall, destroying four other businesses in the process.  (Id. at 2.)  He repeatedly lied to investigators about the origin of the fire, changing his response on multiple occasions, and even made false statements at his trial about the fire.  (Id.)

But this case does not represent Defendant's first offense.  (Id.)  In June 2007, Defendant was convicted of insurance fraud, resulting in the suspension of his chiropractic license and the financial collapse of his chiropractic practice.  (Id.)

On September 9, 2011, Defendant was sentenced in this case to 204-months' imprisonment. (Id. at 3.)  He is serving his sentence at FCI Fort Dix, with an anticipated release date of August 23, 2025.  (Id.)  Defendant has served approximately 168 months, and has good time credits of 21 months.  (Id.)  Moreover, Defendant has not had a prison disciplinary infraction during his time in custody.  (Id.)

### B.  Procedural History

On August 19, 2020, Defendant sent a request for compassionate release to the Warden of FCI Fort Dix, which was denied on October 8, 2021.  (Doc. No. 116.)  On December 31, 2020, Defendant filed his first pro se Motion for Compassionate Release, which was denied on April 14, 2021.  (Doc. Nos. 75, 88.)  Next, Defendant submitted a Motion for Reconsideration, along with

two supplemental Motions for Reconsideration.  (Doc. Nos. 91, 94, 96, 101.)  This Court denied these Motions on July 6, 2022.  (Doc. No. 110.)  On May 22, 2023, Defendant filed the Compassionate Release Motion presently before the Court.  (Doc. No. 116.)  On December 1, 2022, the case was reassigned from the calendar of the Honorable Petrese B. Tucker to the calendar of the Honorable Joel H. Slomsky. (Doc. No. 114.)  Finally, on June 29, 2023, Defendant filed a Motion to Amend his Motion for Compassionate Release.  (Doc. No. 121.)

### C.  Defendant's Motion for Compassionate Release

In his Motion, Defendant states that his health is at high risk if he is reinfected with Covid-19 due to his underlying health conditions of diabetes, hypertension, and "Long Covid."  (Id. at 4.) Defendant claims that he is constantly exposed to a virus, including Covid-19, in the prison environment and a reinfection may exacerbate his conditions.  (Id. at 10.)  He contends that the medical staff at Fort Dix has refused to make changes to his blood pressure medication or address his diabetes with any medication.  (Id. at 4.)  Further, Defendant claims that during the past 27 months since his hospitalization for Covid-19, the medical staff has refused to document his condition as "Long Covid," and has ignored the recommendations from two outside specialists. (Id. at 5.)  Defendant also notes that he has completed 84% of his statutory sentence.  (Id. at 11.)

### D.  The Government's Response in Opposition of Compassionate Release

On June 5, 2023, the Government filed a Response in Opposition to Defendant's Motion. (Doc. No. 117.)  The Government argues that there are no extraordinary and compelling reasons to grant Defendant compassionate release because: (1) Defendant's medical conditions are being properly treated in prison; and (2) the consideration of all pertinent 18 U.S.C. § 3553(a) factors do not warrant his release date.  (Id.)

The Government notes that Defendant remains unvaccinated.  (Id. at 8.)  Vaccines have been proven effective and courts across the country have routinely denied relief to an inmate who has been vaccinated or denies vaccination.  (Id. at 18.)  While Defendant argues that he is concerned about a reaction to the Covid-19 vaccine due to his serious allergic reaction to a prior influenza vaccine he received 20 years ago, the Government notes that public health authorities have consistently recommended that a person with Defendant's claimed history should still receive the Covid-19 vaccine.  (Id.)  The Government claims Defendant's refusal to be vaccinated for Covid-19 is a reason to deny his Motion because courts have held that a prisoner may be denied compassionate release on the ground that the prisoner declined to be vaccinated.  (Id. at 18.)

The Government also submits that Defendant's conditions are being managed by the United States Bureau of Prisons ("BOP").  (Id. at 1.)  Regarding Defendant's health, the Government asserts that Defendant's primary complaints concern respiratory function, headaches, and dizziness, all sourced from his Long-Covid.  (Id. at 5.)  The Government submits that, in April 2023, the BOP referred Defendant for an evaluation by a pulmonologist, who recommended treatment and follow-up, and has referred him to an ENT specialist to assess his dizziness.  (Id.)  Given these developments, the Government submits that Defendant's conditions, including his diabetes and hypertension, do not limit his ability to serve his sentence nor represent a significant deterioration in health because he engages in all normal activities of daily living without assistance.  (Id.)

Regarding the seriousness of Defendant's offenses, the Government notes Defendant deliberately set fire to a strip mall, destroying not only his business, but the other businesses located there during the fire.  (Id. at 22.)  Even more, Defendant made false statements to federal investigators surrounding the incident in his attempt to avoid incarceration.  (Id.)  And, as the

Government points out, Defendant committed his present crimes less than a year after he was convicted of insurance fraud.  (Id.)  Therefore, the Government notes that the Section 3553(a) sentencing factors do not warrant Defendant's release because his criminal history shows that he is a danger to the community.

### E.  Defendant's Motion to Amend His Motion for Compassionate Release

On June 29, 2023, Defendant filed a Motion to Amend the Motion for Compassionate Release.  (Doc. No. 121.).  Defendant attached a Reduction in Sentence Eligibility form signed by two doctors at the BOP.  (Id. at Ex. 10.).  The form states that Defendant may qualify for a reduction in sentence because he is elderly (65+) with a debilitating medical condition.  (Id.).

### III.      DISCUSSION

### A.  The Analytical Framework Regarding Motion for Compassionate Release Pursuant to Section 3582(c)

Generally, a District Court "may not modify a term of imprisonment once it has been imposed . . . ."  18 U.S.C. § 3582(c).  There are, however, "a few narrow exceptions" to this general "rule of finality[,]"  Freeman v. United States, 564 U.S. 522, 526 (2011), including the compassionate release statute, Section 3582(c)(1)(A).  As amended by the recently enacted First Step Act, Section 3582 (c)(1)(A) empowers a district court to modify a term of imprisonment on a defendant's motion after the defendant has exhausted his administrative remedies.[2]  See §  3582(c)(1)(A)(i).  The statute provides, in part, that a court:

---

[2]      A defendant may file a motion for compassionate release directly with a district court after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).  In other words, before a defendant can make such a request to the court, he "must at least ask the Bureau of Prisons (BOP) to do so on [his] behalf and give [the] BOP thirty days to respond[,]"  United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020), and if the BOP does respond adversely within

[M]ay reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [Section 3553(a)] to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;… and that such a reduction is consistent with applicable policy statement issues by the Sentencing Commission[.]

§ 3582(c)(1)(A).  Congress, however, has not defined the term "extraordinary and compelling reasons," except to the extent that "rehabilitation of the defendant alone" is insufficient to constitute an extraordinary and compelling reason.  28 U.S.C. § 994(t).  Instead, Congress delegated the authority to define "extraordinary and compelling reasons" to the United States Sentencing Commission.  Section 1B1.13 of the Sentencing Guidelines explains that a sentence reduction under Section 3582(c)(1)(A) may be ordered where a court determines:

[A]fter considering the factors set forth in 18 U.S.C. § 3553(a), . . . that—

(1)    (A) Extraordinary and compelling reasons warrant the reduction; . . .

(2)    the defendant is not a danger to the safety or any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3)    the reduction is consistent with this policy statement.

U.S.S.G. §1B1.13.

---

the thirty days, to then exhaust any available administrative appeals during that period.  See § 3582(c)(1)(A).

Here, Defendant has met the exhaustion requirement before filing his Motion.  On March 7, 2023, he sent three separate requests for compassionate release to the Warden at FCI Fort Dix and the Director of the BOP.  (Doc. No. 116.)  The requests were received by the Warden on March 10, 2023, and by the Director of the BOP on March 13, 2023.  (Id. at 2.)  Because at least thirty days lapsed from the date the Warden received Defendant's requests to the filing of his Motion for Compassionate Release, he has met the exhaustion requirement.  (Id. at 3.)

Application Note 1 to Section 1B1.13 discusses the meaning of extraordinary and compelling reasons," and lists three specific qualifying circumstances: (1) a defendant's medical condition, (2) age, or (3) family circumstances.  § 1.B1.13 n.1(A)-(C).  This Note states:

> Provided the defendant [is not a danger to the safety of any person or to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A)  Medical Condition of the Defendant

      (i)     The defendant is suffering from a terminal illness (i.e., a serous and advanced illness with an end-of-life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples included metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

      (ii)    The defendant is—

          (I)     suffering from a serious physical or mental condition,

          (II)    suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. The defendant

      (i)     is at least 65 years old;

      (ii)    is experiencing a serious deterioration in physical or mental health because of the aging process; and

      (iii)   has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)  Family Circumstances.

      (i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

§ 1B1.13 n.1(A)-(C).  Application Note 1 further provides a "catch-all" provision, which allows a court to modify a sentence for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)."  §1B1.13 n.1(D).[3]

The Application Notes only provide "helpful guidance" and are "not ultimately conclusive. . . ."  United States v. Rodriguez, 451 F. Supp. 3d 392, 398 (E.D. Pa. 2020) (quoting United States v. Fox, No. 14-03, 2019 U.S. Dist. LEXIS 115388, at *5 (D. Me. July 11, 2019)).  Since the Sentencing Commission has not yet amended Section 1B1.13 or its commentary to account for the First Step Act, a district court has the authority to independently assess whether there are extraordinary and compelling reasons warranting a sentence reduction under Section 3582(c)(1)(A).  See Rodriguez, 451 F. Supp. 3d at 395.

In general, however, "[i]n the context of the current global pandemic, [c]ourts around the country have [only] granted compassionate release where the defendant suffers from a serious condition that increases the likelihood of severe consequences from COVID-19."  United States v. Somerville, 463 F. Supp. 3d 585, 596 (W.D. Pa. 2020) (internal quotation omitted) (quoting United States v. Brooks, No. 07-20047, 2020 U.S. Dist. LEXIS 85671, at *14 (C.D. Ill. May 15, 2020)).  In the Third Circuit, this means that the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  In addition, "[m]ost, though not all, of the cases where compassionate release has been granted involved some showing that COVID-

---

[3]   Although by its express language Section 1B1.13 applies to motions brought by the Director of the BOP, the current consensus is that the First Step Act removed this requirement.  See generally United States v. Rodriguez, 451 F. Supp. 3d 392, 398 (E.D. Pa. 2020) (considering whether a defendant bringing a direct-to-court motion for compassionate release demonstrated "extraordinary and compelling reasons" and using Section 1B1.13 as "helpful guidance.").

19 is actually present, usually to a significant degree, in the facility where the prisoner is incarcerated." Somerville, 463 F. Supp. 3d at 596.  Thus, "a prisoner seeking release to do COVID-19 must at least show: (1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19 ; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held." Id. at 596-97.

If a district court determines that an extraordinary and compelling reason exists, it must then weigh that reason against the Section 3553(a) factors to determine if a sentence reduction is warranted and, if so, the extent of such reduction.  See id. at 588 ("[T]he Court must weigh [the] extraordinary circumstances against the ordinary sentencing factors under 18 U.S.C. § 3553(a)"). Section 3553(a) establishes factors for a court to consider in initially imposing a sentence.  Not every factor is applicable, however, when considering a motion for compassionate release.  In the instant case, the applicable factors are:

(1) the nature and circumstances of the offense and the history and characteristic of the defendant;

(2) the need for the sentence imposed—

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

        …[and]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

§ 3553(a)(1)-(2)(A)-(D), (6).  Therefore, if a balance of a defendant's extraordinary and compelling reasons with the Section 3553(a) factors supports a reduced sentence, and that reduction is consistent with the applicable policy statements of the Sentencing Commission, a court may reduce a defendant's prison term, modify the terms of supervised release, or both.

### B.  Defendant's Motion for Compassionate Release Will Be Denied

Defendant's Motion for Compassionate Release to reduce his sentence to time served will be denied.  Previously, the Court denied a similar Motion on April 14, 2021, and then summarily denied multiple Motions for Reconsideration on July 6, 2022, that was premised on Defendant's claim that he was suffering from "Long Covid" and other ailments.[4]  In his new Motion for Compassionate Release presently before the Court, and even in his Amended Motion  (Doc. No. 121.), Defendant has not presented any extraordinary and compelling reason for his release, and the relevant Section 3553(a) factors weigh against a reduction or modification of his sentence.[5] The Court will address each defense argument seriatim.

### 1.  Defendant Has Not Shown an Extraordinary and Compelling Reason for His Release.

To start, none of Defendant's medical conditions present an extraordinary and compelling reason for his release.  Defendant contends that he has shown extraordinary and compelling reasons for his release because his diabetes, hypertension, and "Long Covid" put his health at an increased risk if he were to contract Covid-19 while incarcerated at FCI Fort Dix as reinfections would exacerbate his conditions.  In the Response in Opposition, however, the Government notes

---

[4]   The Honorable Petrese B. Tucker, a U.S. District Court judge who is now retired, ruled on these Motions.

[5]   Because the Court will deny Defendant's Motion for the reasons given, it is not necessary to determine whether a reduction in Defendant's sentence is also consistent with the applicable policy statement of the Sentencing Commission.

that Defendant's conditions are managed by the BOP.  Specifically, the Government states that the BOP, in April 2023, referred him for an evaluation by a pulmonologist and even to an ENT specialist to assess his dizziness complaints. He is being treated for the medical conditions he relies on in support of his compassionate release motion.

Moreover, the Government argues that given the development of effective vaccines, the fact that Defendant has risk factors for severe Covid-19 disease is not dispositive as vaccines decrease the risk of serious illness or death from Covid-19 infection.  At the same time, the Government explains that Defendant remains unvaccinated despite public health authorities consistently recommending that a person with Defendant's claimed medical history receive the vaccine.  What is more, the national emergency has ended and the BOP sees very few instances of the disease, especially at FCI Fort Dix, an operation level 1 facility.  (Doc. No. 117). See United States v. Redman, 2023 WL 3721206 (3d Cir. May 30, 2023)  (not precedential) (where the current infection rate at the institution was negligible, the operations level was level 1, and the defendant was vaccinated, the Court summarily affirms the denial of compassionate release based on the threat of Covid-19);  United States v. Estevez-Ulloa, 2022 WL 1165771 (3d Cir. 2022) (not precedential) (holding that the district court did not abuse its discretion in denying relief to a defendant who presented obesity and hypertension, on the ground that he had declined vaccination: "Inmates who refuse the vaccine without just cause forgo a powerful protection against illness; they cannot claim that they are at serious risk while declining a potent tool to reduce that very risk."). The Court is persuaded by the Government's argument that Defendant's refusal to vaccinate does not warrant compassionate release.

Courts have routinely denied relief to an inmate who has been vaccinated or denies vaccination.  See, e.g., United States v. Hannigan, No. 19-373, 2022 WL 815449, at *15 (E.D. Pa.

Mar. 17, 2022) (stating that vaccination against COVID-19 lessens the risk of serious illness or death, such that threat of COVID-19, even combined with pre-existing medical conditions, does not constitute an extraordinary and compelling reason for compassionate release); United States v. Berry, No. 09-116, 2021 WL 3537145, at *3 (E.D. Pa. Aug. 11, 2021) (finding that while the defendant suffered from conditions making him more vulnerable to serious illness or death from COVID-19, his vaccination status provided sufficient protection against the risks); United States v. Singh, 525 F. Supp. 3d 543, 548 (M.D. Pa. 2021) (concluding that because Defendant's vaccination mitigated the risk of COVID-19, his underlying conditions of type 2 diabetes, obesity, and hypertension, no longer presented extraordinary and compelling reason for compassionate release).[6]  Moreover, rehabilitation of Defendant alone shall not be considered an extraordinary and compelling reason.  See United States v. Claudio, 2022 WL 1623610 at *3 (E.D. Pa. May 23, 2022) (Kearney, J.) ("The defendant's rehabilitation does not constitute an extraordinary and compelling reason for release.).

As part of Defendant's recently filed Motion to Amend  (Doc. No. 121), he attaches a Reduction in Sentence Eligibility form dated March 28, 2023.  The form shows that Defendant has a debilitating medical condition, is over 65 years of age and has served at least 50 percent of his sentence of incarceration.  Although the doctors who apparently prepared this form describe his condition as debilitating, the form does not state that he is not receiving adequate medical care from the BOP.  Thus, the BOP is still managing his medical conditions and no new extraordinary and compelling reasons have been shown.

## 2.  The Section 3553(a) Sentencing Factors Do Not Weigh in Favor

---

[6]  Defendant is 71 years old.  He does not suffer from a terminal illness or a serious cognitive impairment, and he is not the caregiver of his children.  (See Doc. No. 116 at 1-2).  Thus, the factors listed in the Sentencing Guideline Manual, see U.S.S.G. § 1B1.13 n.1(B)-(C), are not relevant here.

**of Defendant's Release**

The relevant Section 3553(a) factors also do not support the reduction of Defendant's sentence to time served.  First, the Court has examined the nature and circumstances of the offense and Defendant's history and characteristics.  See § 3553(a)(1).  Defendant has a history of committing economic as well as dangerous crimes.  Particularly, Defendant committed his present crime less than a year after committing insurance fraud in June 2007.  (Doc. No. 117.)

Second, the Court has also considered whether Defendant's release would reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes by him.  See § 3553(a)(2)(A-C).  Defendant's early release would depreciate the seriousness of the offense.  Not even a year after his conviction for insurance fraud, he committed another serious, but also dangerous, crime. (Id. at 22.) Moreover, Defendant's arson resulted in several businesses being damaged, demonstrating his disregard for the property of others. Based on these circumstances, the factors noted would not support a reduction in his sentence.

Courts have generally denied release in circumstances similar to those presented here. See, e.g., United States v. Stone, 2023WL 2836794, at *3 (E.D. Cal. June 1, 2020) (Lompoc inmate tested positive; but his history shows that he would wreak economic havoc and not comply with health directives; he was disbarred attorney whose "case centered around a conspiracy to commit arson to burn down commercial buildings in order to collect insurance proceeds."); United States v. Brigham, 2020 WL 5995188 (E.D. Cal. Oct. 9, 2020) (72-year-old suffers from numerous ailments and is eligible for consideration, but relief is denied 33 months into 60-month term for violation of supervised release because he is a "career con man").

Defendant received just punishment for his offenses and in committing his crimes showed no respect for the law.[7]  Adequate deterrence and the protection of the public would be undermined and at risk if Defendant were released for compassionate reasons.  For all of these reasons, compassionate release is not warranted.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release (Doc. No. 116.) will be denied.  An appropriate Order follows.

---

[7]    In United States v. Pawlowski, the Third Circuit held the following regarding § 3553(c)(1)(A) and its requirement that a court reviewing a motion for compassionate release consider the § 3553(a) factors to the extent that they are applicable:

Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) at the time of sentencing, the time remaining in that sentence may—along with circumstances underlying the motion for compassionate release and the need to avoid unwarranted disparities among similarly situated inmates—inform whether immediate release would be consistent with those factors.

967 F.3d 327, 331 (3d. Cir. 2020).